# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUSSEL "JOEY" JENNINGS,** | : | **Civil No. 3:20-CV-148** |
| *by and through his parents/guardians,* | : | |
| *Richard and Susan Jennings*, **et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **TOM WOLF, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

## I.    Factual Background and Procedural History

This is a putative class action brought by the named plaintiffs on behalf of themselves and others similarly situated against Governor Tom Wolf and other Commonwealth of Pennsylvania officials and agencies. This action was brought on behalf of the named plaintiffs, who are individuals with profound and severe intellectual disabilities residing in state-run residential facilities in the Commonwealth, by their guardians or decisionmakers. The complaint alleges that the defendants have violated and continue to violate the plaintiffs' and other putative class members' civil rights, in that the Commonwealth is closing two of these

residential facilities—Polk Center and White Haven Center—and are transferring the residents to other facilities in the Commonwealth without their consent.

The parties in this case consented to magistrate judge jurisdiction, and the case was assigned to the undersigned on September 20, 2022. (Doc. 135). At that time, despite the diligent efforts of the court, the parties, and counsel, a number of time-sensitive, and significant issues remained to be resolved. These pending questions included a motion to certify the plaintiff class as well as two motions seeking preliminary injunctive relief. (Docs. 19, 81, 125). By the time that the parties consented to magistrate judge jurisdiction, there was an immediate exigency to these issues since the state's announced deadline for closure of the White Haven Center and Polk Center was November 30, 2022. Mindful of this deadline, we set exacting benchmarks for the parties to ensure a timely, but thoughtful, consideration of these important and exigent issues. Thus, we immediately scheduled a conference with counsel to set a pathway and timetable for expedited resolution of these motions. (Doc. 139). We then entered a series of orders directing an expedited hearing in this case. (Docs. 141, 143). As part of this expedited process, we instructed the parties to agree upon a hearing schedule by October 7, and submit pre-hearing memoranda no later than October 14, 2022. (Id.) Further, while we were undertaking this expedited review, we directed the Commonwealth to refrain from transferring any putative class members from Polk Center or White Haven Center. (Doc. 140).

Finally, we scheduled this preliminary injunction and class certification hearing to commence on October 18, 2022.

On October 17, 2022, on the eve of this scheduled hearing, the plaintiffs filed a motion to exclude the report and testimony of one defense witness, Dr. Mark Diorio, as a discovery sanction. (Doc. 147). This motion recited that the deadline for expert report supplementation previously set by the court was June 6, 2022. (Id., ¶¶ 6-7). According to the plaintiffs, one day after this deadline, on June 7, 2022, the defendants proffered a report from Dr. Diorio, who had not previously been identified as a defense expert. On these facts, the plaintiffs launched a twofold objection to Dr. Diorio's report and testimony, arguing that: (1) the report was provided beyond the report supplementation deadline; and (2) that the tardy report could not properly be characterized as a supplemental report since Dr. Diorio had never previously been identified as an expert witness.

Thus, the chronology set forth in the plaintiffs' motion disclosed a potential discovery default by the defense, albeit one which had occurred more than four months ago and had never previously been brought to the court's attention in a manner which would have enabled us to timely address these discovery issues.[1] Presented with this belated motion on the eve of the preliminary injunction hearing

---

[1] We hasten to add that current defense counsel were not designated as lead counsel in this case at the time of this alleged discovery default.

relating to a tardy expert witness disclosure which had occurred four months earlier, we initially indicated that we would entertain Dr. Diorio's testimony and report, while permitting the plaintiffs a full opportunity to have their experts critique Dr. Diorio's findings, which had been in the plaintiffs' possession since June 7, 2022. At the preliminary injunction hearing the plaintiffs took full advantage of this opportunity presenting testimony and a report from their experts assailing Dr. Diorio's methodology and conclusions. Moreover, as we have noted in our opinion addressing the motions for preliminary injunction, having conducted this hearing, we find that Dr. Diorio's testimony was merely corroborative of the evidence provided by state officials, which we have credited. Therefore, admission of the Diorio testimony and report did not materially alter the quantum of proof here and we would have reached the same conclusions with respect to these motions even in the absence of this contested testimony.

The motion for preclusion of the report and testimony of Dr. Diorio, (Doc. 147), is now fully briefed by the parties. (Docs. 149 and 158). Therefore, this motion is now ripe for a final disposition by the court.

For the reasons set forth below, the motion will be denied.

## II.   <u>Discussion</u>

The guiding principles governing preclusion of evidence as a discovery sanction are familiar and emphasize the court's broad discretion. Rulings regarding

the proper scope of discovery are "committed to the sound discretion of the district court." <u>DiGregorio v. First Rediscount Corp.</u>, 506 F.2d 781, 788 (3d Cir. 1974).

Likewise, it is well settled that:

> The decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters generally entrusted to the discretion of the district court. <u>National Hockey League v. Metropolitan Hockey Club</u>, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam) ..... While this standard of review is deferential, a district court abuses its discretion in imposing sanctions when it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

<u>Bowers v. Nat'l Collegiate Athletic Ass'n</u>, 475 F.3d 524, 538 (3d Cir. 2007).

This discretion is guided, however, by certain basic principles. For example, Rule 37 of the Federal Rules of Civil Procedure provides that: "If a party....  fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," and specifies an array of available sanctions, which include preclusion of evidence and striking of pleadings. Fed. R. Civ. P. 37(b)(2)(A). Yet, while the sanction of exclusion of evidence is available as a remedy for discovery violations, it is also clear that:

> Courts in the Third Circuit should exercise particular restraint in considering motions to exclude evidence. <u>See</u> <u>In re TMI Litig.</u>, 922 F. Supp. 997, 1003–04 (M.D. Pa. 1996); <u>DiFlorio v. Nabisco Biscuit Co.</u>, 1995 WL 710592 at *2 (E.D. Pa. Nov. 13, 1995) ("Unfortunately, the courts of this circuit are not free to exercise the full range

of sanctions for discovery abuses authorized by the Rules."). The Third Circuit has, on several occasions, manifested a distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith on the part of the proponent of the testimony. See In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 791–92 (3d Cir. 1994), cert. denied, 513 U.S. 1190, 115 S.Ct. 1253, 131 L.Ed.2d 134 (1995); Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977), overruled on other grounds, Goodman v. Lukens, 777 F.2d 113 (3d Cir. 1985), aff'd, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987); Dudley v. South Jersey Metal, Inc., 555 F.2d 96, 99 (3d Cir. 1977).   "[T]he   exclusion   of   critical evidence is   an 'extreme' sanction not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order...." Pennypack, 559 F.2d at 905 (citation omitted).

ABB Air Preheater, Inc. v. Regenerative Envtl. Equip. Co., 167 F.R.D. 668, 671–72 (D.N.J. 1996). See Thompson v. Bridon-Am. Corp., No. 3:17-CV-40, 2018 WL 4616244, at *1–2 (M.D. Pa. Sept. 26, 2018).

Accordingly, in practice, the Court of Appeals has set forth several factors for courts to consider when deciding whether the exclusion of evidence is an appropriate sanction:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

Nicholas v. Pennsylvania State University, 227 F.3d 133, 148 (3d Cir. 2000) (citing Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997)). The Court has supplemented this list of factors to also include: "(5) 'the importance of

6

the excluded testimony' and (6) the party's explanation for failing to disclose." Dzielak v. Whirlpool Corp., 2017 WL 1034197, at *29 (D.N.J. Mar. 17, 2017) (citing Konstantopoulos, 112 F.3d at 719).

However, in all instances we are reminded that "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977) (internal citations omitted); Dzielak, 2017 WL 1034197, at *29. See R.D. v. Shohola, Inc., No. 3:16-CV-01056, 2019 WL 5424199, at *2 (M.D. Pa. Oct. 23, 2019).

Applying these legal guideposts, we conclude that complete exclusion of Dr. Diorio's report and testimony—the most extreme sanction afforded by the rules—is not appropriate in this case. At the outset, when we consider the first two discretionary factors that apply here; namely, the prejudice or surprise of the party against whom the excluded evidence would have been admitted and the ability of the party to cure that prejudice, we find that preclusion of this evidence is not warranted. To be sure, the disclosure of the Diorio report appears to have been tardy and inappropriate since the report was released one day after the June 6, 2022 supplementation deadline and this report cannot be characterized as a supplemental report since it was the first report issued by this witness. However, the immutable

fact remains that the plaintiffs had four months in which to prepare to respond to Dr. Diorio's findings, and they in fact used this opportunity to submit their own expert critiques of this testimony. Thus, at the time of the preliminary injunction hearing on October 18, 2022, Dr. Diorio's report and testimony came as no surprise to the plaintiffs, and their own rebuttal of that report, which we authorized, largely addressed any perceived prejudice that they may have otherwise suffered.

Moreover, contrary to the plaintiffs' suggestions, we find that there was no bad faith or willfulness on the part of the defense in connection with this belated disclosure. Quite the contrary, the emails proffered by plaintiffs' counsel indicate little more than a regrettable failure of communication between attorneys, since former defense counsel appear to have timely notified plaintiffs' counsel that they were experiencing some slight delays in securing some reports but neglected to precisely identify the Diorio report in their timely communications.

Further, in our view, the plaintiffs possessed the ability to cure this prejudice by filing a timely discovery motion when they received in report in mid-June 2022. However, they chose not to present this issue to us until the very eve of the preliminary injunction hearing. Given that the plaintiffs elected to forego the chance to address this question when the issue first arose in June of 2022, they cannot now seek the most severe of sanctions—exclusion of evidence. Indeed, allowing a party to raise a discovery issue in this untimely manner on the eve of a hearing as grounds

8

to exclude evidence would present precisely the type of prejudice that the rules are designed to avoid since it would disrupt the orderly and efficient trial of the case.

Finally, as we have noted, Dr. Diorio's report and testimony ultimately were not of critical importance in this case. Rather, we have found that the report and testimony were simply corroborative of other evidence which we independently credited, and we would have reached the same conclusions even in the absence of this evidence.

Therefore, taking all of these factors into consideration, and mindful of the fact that "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence," Meyers, 559 F.2d at 905, the motion to preclude this evidence will be denied.

An appropriate order follows.


/s/ _Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge

DATED: November 2, 2022

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUSSEL "JOEY" JENNINGS,** | : | **Civil No. 3:20-CV-148** |
| ***by and through his parents/guardians,*** | : | |
| ***Richard and Susan Jennings***, et al., | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **TOM WOLF, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

AND NOW, this 2nd day of November, 2022, in accordance with the accompanying Memorandum Opinion, IT IS ORDERED that the plaintiffs' motion to preclude evidence, (Doc. 147) is DENIED.

/s/ *Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge